# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*Capital Habeas Unit*

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

**LEIGH M. SKIPPER**
CHIEF FEDERAL DEFENDER

PHONE NUMBER (215) 928-0520
FAX NUMBER    (215) 928-0826
FAX NUMBER    (215) 928-3508

**HELEN A. MARINO**
FIRST ASSISTANT FEDERAL
DEFENDER

June 5, 2020

Honorable Gene E.K. Pratter
U.S. District Court for the
 Eastern District of Pennsylvania
Room 10613, United States Courthouse
601 Market Street
Philadelphia, PA  19106

    Re:   **Christopher Roney v. John E. Wetzel, et al.**
           **No. 14-CV-02083**

Dear Judge Pratter:

    Petitioner has requested discovery of the trial prosecutors' jury selection notes from other homicide trials in which they participated. Petitioner had proposed focusing on notes from cases tried in the five years preceding Petitioner's trial. After reviewing Respondents' letter to the Court in follow-up to the oral argument[1] and

---

[1] *See* Respondents' letter to the Court dated March 20, 2020 (Doc. 108).

independently compiling a list of additional known Roger King jury cases, Petitioner proposes an alternative as set forth below.

Since the December oral argument, Respondents have produced a list of 105 cases prosecuted by Roger King. All but three of these cases appear to have been tried after Petitioner's 1996 trial. None involve successful *Batson* challenges. None involve Paul Riley. And several appear to have been resolved without a jury trial. Respondents did indicate that more cases could be identified through internal DAO databases not yet examined and by interviewing Mr. Riley.[2]

To the extent that Respondents could identify cases involving *Batson* challenges and Mr. King or Mr. Riley, or could identify jury trial cases prosecuted by Mr. Riley, Petitioner requests that the Court direct them to do so. The task of searching a "searchable" database would not be onerous.

As Respondents note in their letter, Petitioner has identified additional cases prosecuted by Mr. King. Petitioner has now identified 45 additional homicide prosecutions (many capital) tried by Mr. King (Appendix 1),[3] bringing the total number of identified Roger King prosecutions to 150. All 45 involved juries.[4]

---

[2] Mr. Riley currently practices at a firm in Philadelphia. The firm's website states that Mr. Riley "has tried to verdict over 80 jury trials."  Available at https://www.brookmanrosenberg.com/attorneys/riley/ .  A publicly available Linked-In page states that, "as a member of the Homicide Unit of the Philadelphia District Attorney's Office", Mr. Riley "successfully prosecuted over 50 murder cases including obtaining multiple death penalty convictions." Available at https://www.linkedin.com/in/paul-riley-6bb4b11a.

[3] Since Respondents filed their March 20, 2020 letter, Petitioner has identified 7 more Roger King cases, bringing Petitioner's total from 38 to 45, exclusive of Petitioner's trial.  Petitioner has not identified any cases tried by Mr. Riley.

[4] Although to date we have been unable to identify a successful Batson challenge involving Mr. King, we can identify 15 cases that present a claim

Thus, even without Respondents looking further for Mr. King's cases, discovery of jury selection notes from among the already-identified cases would provide useful insight into Mr. King's jury selection practices and whether race and gender were at play in his use of peremptory strikes.  As to Mr. King, therefore, Petitioner requests that the Court order disclosure of the prosecutors' jury selection notes from a sampling of his known jury trials.

Were the Court to follow Petitioner's earlier suggestion and narrow the field by date, 12 of the 45 cases identified by Petitioner were tried between 1991 and 1996 – the five-year period preceding Petitioner's trial. (Appendix 2)

Alternatively, and now preferably, a sampling of cases from a wider time range than five years could be considered. The 45 cases identified by Petitioner range from 1979 to 2008.  Choosing a sampling both from Mr. King's pre-*Batson* and his post-*Batson* cases, before and after 1986, would offer greater insight into his jury selection patterns and practices, particularly as they relate to the "tallying" Petitioner has pointed out in the prosecutors' handwritten jury selection notes from Petitioner's trial. Further, in most of the 45 cases, Petitioner can independently access information regarding the racial and gender make-up of the juries and jury panels. Petitioner proposes randomly selecting a sampling of at least 15 cases from that group. This would reduce the time, effort, and cost of producing these materials.

To the extent that Respondents will incur out-of-pocket expenses to retrieve case files from storage and/or produce photocopies of relevant materials, such as handwritten notes, jury selection sheets, or notes of testimony, Petitioner does not object to assuming those expenses.

---

involving *Batson and/or Swain,* or other claims that addressed Mr. King's jury selection practices, raised on appeal or at some later stage of proceedings.

Accordingly, Petitioner requests that this Court direct Respondents to produce in discovery the jury selection materials, including handwritten notes, jury panel lists, and notes of testimony, from at least 15 of the 45 cases identified by Petitioner as prosecuted by Roger King (*see* Appendices 1 and 2).

        Respectfully Submitted,

        <u>/s/ Michael Gonzales</u>
        MICHAEL GONZALES
        HELEN A. MARINO
        MATTHEW LAWRY
        Federal Community Defender Office for the
        Eastern District of Pennsylvania
        Capital Habeas Unit
        The Curtis Center, Suite 545-W
        Independence Square West
        Philadelphia, PA 19106
        215-928-0520

        Counsel for Petitioner Christopher Roney

Cc: Max C. Kaufman, Esquire